# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ELI MOR, derivatively on behalf of AMERISOURCEBERGEN CORPORATION and individually on behalf of himself and all other similarly situated shareholders of AMERISOURCEBERGEN CORPORATION,<br><br>Plaintiff,<br><br>vs.<br><br>STEVEN COLLIS, RICHARD GOCHNAUER, RICHARD GOZON, EDWARD HAGENLOCKER, KATHLEEN HYLE, MICHAEL LONG, HENRY MCGEE, CHARLES COTROS, and JANE HENNEY,<br><br>Defendants,<br><br>-and-<br><br>AMERISOURCEBERGEN CORPORATION, a Delaware Corporation,<br><br>Nominal Defendant. | ) ) ) Civil Action No.: ) ) ) ) ) ) ) ) ) ) ) **JURY TRIAL DEMANDED** ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

## VERIFIED SHAREHOLDER DERIVATIVE AND CLASS ACTION COMPLAINT

Plaintiff Eli Mor, ("Plaintiff") alleges, upon information and belief based upon inter alia, the investigation made by and through his attorneys, except as to those allegations that pertain to the Plaintiff himself, which are alleged upon knowledge, as follows:

1.      Plaintiff asserts this action for breach of fiduciary duties and waste of corporate assets derivatively on behalf of AmerisourceBergen Corporation ("AmerisourceBergen" or the "Company") against the Company's Board of Directors ("the Board") for exceeding its authority under the Company's shareholder-approved Equity Incentive Plan (the "Plan") by granting

Steven Collis ("Collis"), the Company's President, Chief Executive Officer and a director, stock awards in excess of the 300,000 shares permitted to be granted to any individual participant in one calendar year under the Plan. Plaintiff also asserts, on behalf of himself and the public stockholders of AmerisourceBergen entitled to vote at the Company's 2013 annual meeting (the "2013 Annual Meeting"), a direct claim against the Board for breaching their fiduciary duties in connection with a false and misleading proxy statement filed by the Board.

2.      As described in more detail below, in 2012 the Board granted Collis 758,810 stock awards pursuant to the Plan, thereby exceeding the 300,000 limit. The excess 458,810 stock awards granted to Collis are *ultra vires* and should be rescinded.

3.      Additionally, on January 18, 2013, the Board filed a Schedule 14A Proxy Statement with the United States Securities and Exchange Commission ("SEC") (the "2013 Proxy") in connection with the 2013 Annual Meeting of Stockholders scheduled for February 28, 2013 (the "2013 Annual Meeting"). In the 2013 Proxy, the Board is soliciting shareholder approval for, among other things, the re-election of eight members of the Board (three of whom are on the Board's Compensation Committee). However, the 2013 Proxy contains materially false and misleading statements and material omissions that render shareholders unable to make informed decisions at the 2013 Annual Meeting.

4.      As a result of the above misconduct, the Company and its shareholders have been harmed.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) in that Plaintiff and Defendants are citizens of different states (and foreign states) and the matter in

controversy exceeds $75,000.00, exclusive of interests and costs.  Plaintiff is a citizen of Idaho and no defendant is a citizen of Idaho.

6.      This action is not a collusive one to confer jurisdiction on a court of the United States which it would not otherwise have.

7.      Venue is proper in this district because nominal defendant AmerisourceBergen is incorporated in this district.

## THE PARTIES

8.      Plaintiff is a shareholder of AmerisourceBergen and has been a shareholder of the Company continuously at all relevant times.

9.      Nominal party AmerisourceBergen is a Delaware corporation with its principal executive offices located at 1300 Morris Drive, Chesterbrook, Pennsylvania 19087. AmerisourceBergen is one of the world's largest pharmaceutical services companies serving the United States, Canada, and selected global markets. The Company serves both healthcare providers and pharmaceutical manufacturers in the pharmaceutical supply channel, providing drug distribution and related services designed to reduce costs and improve patient outcomes.

10.     Defendant Steven Collis has been the President and CEO of the Company since July 2011, and a director of the Company since May 2011.  Collis is a resident of the State of Pennsylvania.

11.     Defendant Richard Gochnauer ("Gochnauer") has been a director of the Company since 2008. Gochnauer is a resident of the State of Illinois.

12.     Defendant Richard Gozon ("Gozon") has been the Chairman of the Board since 2006 and a director of the Company since 2001. Gozon is also a member of the Compensation

and Succession Planning Committee (the "Compensation Committee"). Gozon is a resident of the State of Pennsylvania.

13.     Defendant Edward Hagenlocker ("Hagenlocker") has been a director of the Company since 2001, and is a member of the Compensation Committee. Hagenlocker is a resident of the State of Michigan.

14.     Defendant Kathleen Hyle ("Hyle") has been a director of the Company since 2010. Hyle is a resident of the Maryland.

15.     Defendant Michael Long ("Long") has been a director of the Company since 2006, and is a member of the Compensation Committee.  Long is a resident of the State of Colorado.

16.     Defendant Henry McGee ("McGee") has been a director of the Company since 2004. McGee is a resident of the State of New York.

17.     Defendant Charles Cotros ("Cotros") has been a director of the Company since 2002, and is Chairman of the Compensation Committee. Cotros is a resident of the State of Florida.

18.     Defendant Jane Henney ("Henney") has been a director of the Company since 2002, and is a member of the Compensation Committee. Henney is a resident of the State of Ohio.

19.     Defendants Collis, Gochnauer, Gozon, Hagenlocker, Hyle, Long, McGee, Cotros, and Henney are hereinafter collectively referred to as the "Defendants" or the "Board."

**FURTHER SUBSTANTIVE ALLEGATIONS**

20.     On February 19, 2009, following the Board's recommendation, the Company's shareholders approved the AmerisourceBergen Corporation Management Incentive Plan, whose

name was later changed to the AmerisourceBergen Corporation Equity Incentive Plan, i.e. the "Plan."

21.     The Plan was most recently amended and restated effective as of January 1, 2011, and this version of the Plan is the operative version relevant to this Complaint.

22.     The Plan provides for the granting of stock options, stock appreciation rights, stock awards, restricted stock unit awards, performance share awards, Section 162(m) awards, or other awards determined by the Compensation Committee. The Company's officers or other key employees, directors, independent contractors or consultants are eligible to receive awards under the Plan.

23.     The Compensation Committee administers the Plan on behalf of the Board.

24.     The Plan, as most recently amended and restated as of January 1, 2011, limits the amount of awards that an individual participant can receive during a calendar year. As stated in Section 6(b) of the Plan: "[T]he limit on grants of Awards to Eligible Individuals in respect of any calendar year…shall be 300,000 shares of Common Stock[.]"

25.     In 2012, the Board plainly exceeded its authority under the Plan by granting Collis stock awards in excess of the 300,000 calendar-year limit.

26.     On February 29, 2012, the Compensation Committee granted Collis 24,083 shares of restricted stock, 48,167 performance share units, and 283,467 nonqualified stock options under the Plan.  As described in the 2013 Proxy, these awards were made under the Plan.

27.     On November 14, 2012, the Compensation Committee granted 29,843 shares of restricted stock and 373,250 nonqualified stock options to Collis under the Plan (see Form 4 filed by Collis with the SEC on November 16, 2012).

28.     Thus, in total, Collis was granted awards totaling 758,810 shares during the 2012 calendar year, as can be seen in the chart below:

| Date | Type of Award | # Shares |
|------|---------------|----------|
| February 29, 2012 | Restricted Stock | 24,083 |
| February 29, 2012 | Performance      Share | 48,167 |
| February 29, 2012 | Stock Options | 283,467 |
| November 14, 2012 | Restricted Stock | 29,843 |
| November 14, 2012 | Stock Options | 373,250 |
| **Total** | | **758,810** |

29.     By granting Collis a total of 758,810 stock awards in 2012 the Board exceeded its authority granted to them under the shareholder-approved Plan.

30.     Consequently, the 458,810 stock awards given to Collis in excess of the 300,000 calendar year limit are *ultra vires* and should be rescinded.

### The 2013 Proxy is False and Misleading

31.     On January 18, 2013, the Board filed the 2013 Proxy in connection with the 2013 Annual Meeting scheduled for February 28, 2013. In the 2013 Proxy, the Board is soliciting shareholder approval for, among other things, the re-election of eight members of the Board: Collis, Conant, Gochnauer, Gozon, Hagenlocker, Hyle, Long, and McGee.

32.     As required, the 2013 Proxy describes, among other things, the Company's executive compensation policies and programs, the executive compensation decisions made by the Board and the Compensation Committee in connection with the Company's 2012 fiscal year, and the amount and form of compensation received by the Company's named executive officers during each of the past three years.

33.     However, in this discussion, the 2013 Proxy fails to disclose that during 2012, defendant Collis has been granted more shares than allowed under the shareholder-approved Plan.  Indeed, when discussing the long-term compensation of the Company's named executive

officers, the 2013 Proxy leads shareholders to believe that the Board and Compensation Committee have acted in compliance with the Plan, and lists the February 29, 2012 grants to Collis as being awarded under the Plan.

34.     Truthful and complete disclosure regarding the Board's violation of the Plan is material information, as a reasonable shareholder would consider it important in determining whether to re-elect the eight members of the Board up for re-election. This is particularly true with regards to Gozon, Hagenlocker and Long, as each of these directors also serve as members of the Compensation Committee—the committee charged with administering the Plan. It is also particularly salient with regard to Collis, the recipient of the *ultra vires* awards at issue. The nominated directors were central players in the unauthorized equity grants made to Collis discussed above, and truthful and complete disclosure of this information is important to shareholders in determining whether these directors can and will faithfully comply with their fiduciary duties to the Company.

35.     Accordingly, by failing to provide shareholders with this information, the 2013 Proxy is materially misleading thereby preventing shareholders from casting an informed vote regarding the important decisions facing them at the 2013 Annual Meeting.

36.     As a result, because the upcoming election of directors Collis, Conant, Gochnauer, Gozon, Hagenlocker, Hyle, Long, and McGee is scheduled to occur at the 2013 Annual Meeting, that meeting should be enjoined until the Board amends the 2013 Proxy to remedy the materially false and misleading statements and material omissions described above.

## DEMAND FUTILITY ALLEGATIONS

37.     Plaintiff brings this action derivatively on behalf of AmerisourceBergen to redress injuries suffered, and yet to be suffered, by the Company as a direct and proximate result of the Defendants' misconduct.

38.     Plaintiff has owned AmerisourceBergen stock continuously during the time of the wrongful course of conduct alleged herein and continues to hold AmerisourceBergen stock.

39.     Plaintiff will adequately and fairly represent the interests of AmerisourceBergen in enforcing and prosecuting its rights and has retained counsel competent and experienced in shareholder derivative litigation.

40.     At the time of this filing, the Board consists of the following ten (10) directors: Collis, Gochnauer, Gozon, Hagenlocker, Hyle, Long, McGee, Cotros, Henney, and Douglas Conant (collectively referred to as the "Current Board"). Each member of the Current Board, other than Douglas Conant, who joined the Board after the wrongdoing alleged herein, has been named as a defendant in this action.

41.     Defendants Cotros, Gozon, Hagenlocker, Henney, and Long were members of the Compensation Committee at the time the awards to Collis were granted. At the time of the grants, the Compensation Committee consisted of 5 of the 9 Board members.

42.     Plaintiff did not make a demand on the Current Board prior to instituting this Action. A pre-suit demand upon the Current Board is futile because the transactions at issue in this Action did not result from a valid exercise of business judgment.

43.     In granting defendant Collis stock awards in excess of the 300,000 calendar year limit set forth in the Plan, the Board violated an express, unambiguous provision of the shareholder-approved Plan. In addition, the Board then masked their improper actions in the

2013 Proxy. Thus, the facts raise doubt that the Board's actions resulted from a valid exercise of business judgment. In addition, as a result of these actions, the Board faces a substantial likelihood of liability and therefore is incapable of objectively considering demand here. Accordingly, demand is excused.

44.     Defendants Cotros, Gozon, Hagenlocker, Henney, and Long were members of the Compensation Committee during the time that awards challenged herein were made. The Compensation Committee's actions, as administrators of the Plan, could not have been a good faith exercise of business judgment. In addition, as a result of their actions, defendants Cotros, Gozon, Hagenlocker, Henney, and Long face a substantial likelihood of liability and therefore are incapable of objectively considering a demand here. Accordingly, demand as to Cotros, Gozon, Hagenlocker, Henney, and Long is excused.

45.     Additionally, defendant Collis is incapable of considering a demand in this Action because he is neither disinterested nor independent. Collis received the stock awards challenged herein, and thus has a strong financial incentive to maintain the status quo by not authorizing any corrective action because it would force him to disgorge the improperly obtained awards. This creates an unacceptable conflict that restricts him from evaluating this action independently. Indeed, in the 2013 Proxy the Company has admitted that Collis does not qualify as an independent director within the meaning of NYSE listing standards.

## CLASS ACTION ALLEGATIONS

46.     Plaintiff brings this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of owners of AmerisourceBergen common stock as of January 2, 2013, the record date for the determination of shareholders entitled to vote at the 2013 Annual Meeting (the "Class"). Excluded from the Class are Defendants and their affiliates,

immediate families, legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest.

47.     The Class is so numerous that joinder of all members is impracticable. While the exact number of Class members is unknown to Plaintiff at this time and can only be ascertained through discovery, Plaintiff believes that there are thousands of members in the Class. According to the 2013 Proxy, as of January 2, 2013, there were over 230 million shares of common stock outstanding. All members of the Class may be identified from records maintained by AmerisourceBergen or its transfer agent and may be notified of the pendency of this action by mail, using forms of notice similar to that customarily used in securities class actions.

48.     Questions of law and fact are common to the Class, including, *inter alia*, the following:

      a.   Have the Individual Defendants breached their fiduciary duties by filing the false and misleading 2013 Proxy; and

      b.   Whether Plaintiff and the other members of the Class would be irreparably harmed if the 2013 Annual Meeting was held without any of the corrective actions described herein.

49.     Plaintiff's claims are typical of the claims of the other members of the class. Plaintiff is committed to prosecuting this action, will fairly and adequately protect the interests of the Class, and has no interests contrary to or in conflict with those of the Class that Plaintiff seeks to represent.

50.     The prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications for individual members of the Class and of establishing incompatible standards of conduct for the party opposing the Class.

51.     Conflicting adjudications for individual members of the Class might as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

52.     Defendants have acted on grounds generally applicable to the class, making appropriate final injunctive relief with respect to the Class as a whole.

## COUNT I
### Breach of Fiduciary Duty
### (Against the Individual Defendants)

53.     Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

54.     As officers and/or directors of the Company, each of the Defendants owed the Company and its shareholders the fiduciary duties of loyalty, good faith and due care.

55.     The Defendants breached their fiduciary duties by authorizing and/or approving awards in violation of the terms of the Plan.

56.     In contemplating, planning, and/or effecting the foregoing conduct, the Defendants did not act in good faith toward the Company, exceeded their authority under Section 6(b) of the Plan and Delaware law, and breached their fiduciary duties.

57.     These actions were not a good faith exercise of business judgment to protect and promote the Company's corporate interests, but rather lined the pockets of Collis at the expense of and to the detriment of the Company.

58.     Defendant Collis knew, or absent recklessness, should have known that the challenged stock option awards discussed herein violated the Plan. Defendant Collis knew what the Plan provided with respect to his own compensation and knew that the awards he received in 2012 exceeded what had been approved by shareholders. Defendant Collis nonetheless accepted

the stock awards for his own personal benefit and to the detriment and expense of the Company. Accordingly, defendant Collis breached his fiduciary duties of loyalty and due care.

59.     As a result of these actions of the Defendants, the Company and its shareholders have been and will be damaged.

60.     Plaintiff and the Company have no adequate remedy at law.

## COUNT II
### Waste of Corporate Assets
### (Against Defendants)

61.     Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

62.     The Defendants have caused and will cause the Company to waste valuable corporate assets by granting Collis awards in excess of what was authorized under the Plan.

63.     In granting defendant Collis stock awards in 2012 that exceeded an express and unambiguous limitation of the shareholder-approved Plan, the Defendants granted defendant Collis awards that no director acting in good faith would award, such that the awards constitute waste.

64.      As a result of this waste of corporate assets, the Defendants are liable to the Company.

## COUNT III
### Unjust Enrichment
### (Against Defendant Collis)

65.     Plaintiff repeats and realleges each and every allegation set forth above as if set forth fully herein.

66.     Defendant Collis received unauthorized personal financial benefits as a result of the 2012 equity awards.

67.     It would be unconscionable and against the fundamental principles of justice, equity, and good conscience for defendant Collis to retain the benefits of the stock option awards that were granted in express violation of the Plan.

68.     Defendant Collis has been unjustly enriched at the expense of, and to the detriment of, the Company.

69.     Accordingly, this Court should order defendant Collis to disgorge the shares awarded in excess of the 300,000 calendar-year limit in the Plan.

70.     Plaintiff has no adequate remedy at law.

## COUNT IV
### Breach of Fiduciary Duty of Candor In Connection With The 2013 Proxy
### (Direct Claim Against Defendants)

71.     Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

72.     The fiduciary duties of the Individual Defendants require them to be completely truthful with the Company's shareholders and disclose all information material to the decisions confronting AmerisourceBergen's shareholders at the 2013 Annual Meeting.

73.     As set forth above, the Individual Defendants have breached their fiduciary duty by filing and seeking shareholder action on the basis of the materially false and misleading 2013 Proxy.

74.     As a result, Plaintiff and Class members are being harmed irreparably.

75.     Plaintiff and the Class have no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment as follows:

A.     A declaration that the stock option awards granted to Collis in 2012 were in excess of the 300,000 per calendar year limit in the Plan;

B.     Rescission of the excess stock awards given to defendant Collis;

C.     As to Count IV, declaring this action to be a class action and certifying Plaintiff as the Class representative and his counsel as Class counsel;

D.     Enjoining, preliminarily and permanently, the 2013 Annual Meeting unless, and until, the corrective action described above is taken; or, in the event the 2013 Annual Meeting proceeds on the basis of the false and misleading Proxy, ordering a revote on the re-election of directors;

E.     Against all Defendants and in favor of the Company for the amount of damages sustained by the Company as a result of Defendants' breaches of fiduciary duties, waste of corporate assets and unjust enrichment, plus pre-judgment and post-judgment interest;

F.     Equitable and/or injunctive relief as necessary or permitted by law and equity, including disgorgement, attachment, impoundment, and/or imposition of a constructive trust on or otherwise restricting the disposition/exercise of the challenged stock option awards discussed herein;

G.     Directing AmerisourceBergen to take all necessary actions to reform and improve its corporate governance and internal procedures to comply with applicable laws and policies and to protect the Company and its shareholders from a recurrence of the damaging events described herein;

H.     Awarding Plaintiff the costs and disbursements of this action, including reasonable allowance of fees and costs for Plaintiff's attorneys, experts, and accountants; and

I.      Granting Plaintiff such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

Dated: February 15, 2013                    Respectfully submitted,

                                            FARNAN LLP

                                            /s/ Brian E. Farnan
                                            Brian E. Farnan (Bar No. 4089)
                                            Rosemary J. Piergiovanni (Bar No. 3655)
                                            919 N. Market Street, 12th Floor
                                            Wilmington, Delaware 19801
                                            Tel: (302) 777-0300
                                            Fax: (302) 777-0301
                                            bfarnan@farnanlaw.com

*Of Counsel*:

LEVI & KORSINSKY, LLP
Eduard Korsinsky
30 Broad Street, 24th Floor
New York, New York 10004
Tel: (212) 363-7500
Fax: (212) 363-7171

                                            *Attorneys for Plaintiff*